UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANINE GARVERICK,

      Plaintiff,

v.

Case No: 2:15-cv-385-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Petition for EAJA Fees pursuant to 28 U.S.C. 2312(d) (Doc. 36). Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of attorney's fees in the amount of $9,478.88. Plaintiff attaches an itemization of time confirming: a total of 3.20 hours worked in 2015 and 27.70 hours worked in 2016 on this matter at a rate of $191.25 per hour by Plaintiff's counsel Carol Avard; a total of 15.20 hours worked on this matter and 2.30 hours worked on the present motion at a rate of $191.25 per hour by Plaintiff's counsel Mark Zakhvatayev; and a total of 0.20 hours worked at a rate of $60.00 per hour by a paralegal. Doc. 36 at 17-19.[1] The Commissioner of the Social Security Administration (the "Commissioner") opposes Plaintiff's motion on the sole ground that the requested attorney hours are not reasonable. Doc. 37 at 1.

---

[1] The page numbers here indicate the CM/ECF page numbers.

After seeking and obtaining leave of Court, Plaintiff filed a reply brief to the Commissioner's response. Docs. 38, 39, 40. Plaintiff also seeks reimbursement for 1.10 hours expended on the reply brief at a rate of $191.25 per hour. Doc. 40 at 3.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d). The Commissioner does not contest the issues of prevailing party status, timeliness, the requested hourly rate, or substantial justification. Doc. 37 at 2.

On April 22, 2016, the Court granted the Commissioner's Unopposed Motion for Remand under Sentence Four of 42 U.S.C. § 405(g) (Doc. 33) and reversed and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 34. Judgment was entered on April 25, 2016. Doc. 35. Plaintiff asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars. Doc. 36 at 2. As noted, the Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met. Doc. 37 at 2.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that

an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Determination of the appropriate hourly rate is thus a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Plaintiff's counsel is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work performed in 2015 and 2016. Doc. 36 at 3. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $191.25 per hour in 2015 and 2016 is an appropriate and reasonable hourly rate. Doc. 37 at 2.

Plaintiff's counsel also has submitted timesheets that include an itemization of legal services performed. Doc. 36 at 17-19. Avard and Zakhvatayev spent a total of 46.10 hours on Plaintiff's case in 2015 and 2016, and Zakhvatayev expended 2.30 hours on the present motion in 2016. *Id.* In addition, Plaintiff alleges that a paralegal spent 0.20 hours on this motion. *Id.* at 19. Thus, Plaintiff requests a total of $8,816.63 for work performed on this matter in 2015 and 2016 and $451.88 for work performed on this motion in 2016. *Id.* at 17-19.

The Commissioner objects to the requested number of hours as excessive. Doc. 37 at 2. The Commissioner argues that the Court should reduce the hours of Plaintiff's attorney work by 16.10 hours because Plaintiff does not meet her burden to show that 46.10 hours of attorney work are reasonable. *Id.* at 3. For instance, the Commissioner points out that although Zakhvatayev spent 15.20 hours to write the statement of facts, Avard expended additional 26.40 hours drafting the remainder of the brief. *Id.* at 4. The Commissioner argues that it was unreasonable for Plaintiff's counsel to expend 41.60 hours drafting the single memorandum of law because the issues Plaintiff raised were not novel or complex. *Id.*

Plaintiff responds that Zakhvatayev spent 15.20 hours writing the 12-page statement of facts because it was based on his review of a 2,000-page record. Doc. 40 at 1. Plaintiff further asserts that Avard reasonably spent 26.40 hours writing the memorandum because she drafted an approximately 20-page argument, which required legal research and analysis. *Id.* at 2. Plaintiff claims that given the large size of the record in this case, Plaintiff's counsel reasonably spent over 40 hours to write the memorandum of law. *Id.* Plaintiff also requests attorney's fees for 1.10 hours spent on her reply brief. *Id.* at 3.

The Court finds that Plaintiff's counsel did not exercise proper billing judgment and included excessive hours in her fee petition. In deciding whether fees are reasonable under 28 U.S.C. § 2412, courts apply the "standard of 'billing judgment' in private practice." *Spruil v. Bowen*, 691 F. Supp. 302, 307 (M.D. Fla. 1988). Attorneys exercise billing judgment by excluding from fee applications "excessive,

redundant, or otherwise unnecessary hours." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (alteration in original) (internal quotation marks and citation omitted). Hours that "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*" are excessive, redundant, or otherwise unnecessary. *Id.* (citation omitted) (emphasis in original). If attorneys do not exercise billing judgment, "courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* The Eleventh Circuit explained that courts should not be generous with the money of others. *Id.*

First, Avard seeks reimbursement for clerical tasks performed by her paralegal. Doc. 36 at 18. Plaintiff states that the paralegal spent 0.20 hours on July 29, 2015 and another 0.20 hours on February 18, 2016 in filing Plaintiff's memorandum on CM/ECF. *Id.* Avard includes these hours as part of her attorney hours worked at a rate of $191.25. *Id.* The Court finds that the entry of the paralegal's 0.20 hours spent on filing Plaintiff's memorandum on July 29, 2015 is an error because Plaintiff did not file any memorandum of law on this date. *Id.*; *see Powell v. Colvin*, No. 8:12-cv-2078-T-33TBM, 2013 WL 4781083, at \*2-3 (M.D. Fla. Sept. 6, 2013) (reducing compensable hours because the attorney sought compensation for "preparing tables," which did not exist in the attorney's brief). Regardless, filing a memorandum is a clerical task that is not compensable as attorney's fees. *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000); *see*

*also Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014) (holding that Avard was not entitled to paralegal fees for "filing a Memorandum in Opposition by Cm/ecf"). As a result, the Court will exclude the paralegal's 0.40 hours of filing Plaintiff's memorandum on CM/ECF. Doc. 36 at 18.

Plaintiff also seeks to recover Avard's 0.20 hours of reviewing two orders on June 30, 2015. *Id.* at 17. The docket reveals that although three orders (Docs. 6, 7, 8) were entered on June 30, 2015, Avard does not specify which two orders she reviewed. *Id.* Furthermore, Avard, as the attorney who has filed numerous Social Security cases in this District, should be familiar with these orders (Docs. 7, 8) because they are Standing Orders entered in all Social Security cases pending with this Division and before the undersigned. *See Espino v. Comm'r of Soc. Sec.* No. 6:14-cv-1185-Orl-TBS, 2015 WL 6705453, at *2 (M.D. Fla. Nov. 2, 2015) (holding that an attorney could not be compensated for time to review the Local Rules because he is expected to be familiar with the rules). Similarly, on July 9, 2015, Avard spent 0.10 hours reviewing the Related Case Order and Track One Notice (Doc. 9) that also is entered in all Social Security cases. Doc. 9; *see id.* As a result, the Court will exclude Avard's 0.20 hours of reviewing two orders on June 30, 2015 and 0.10 hours of reviewing the Related Case Order and Track One Notice (Doc. 9) on July 9, 2015. Doc. 36 at 17.

In addition, the Court finds that Avard spent an excessive number of hours on drafting Plaintiff's memorandum. Avard and Zakhvatayev are experienced

attorneys in Social Security appeals. The court in *Bowman v. Commissioner of Social Security* explicitly stated that Avard is one of six board certified Social Security disability attorneys in the state of Florida and has practiced Social Security disability law since 1981. No. 6:13-cv-614-Orl-31TBS, 2014 WL 5472453, at *2 (M.D. Fla. Oct. 22, 2014). Avard also alleges that since 1990, 80 percent of her practice involves Social Security matters. Doc. 36 at 7. Similarly, Zakhvatayev has managed several hundred Social Security disability hearings and prepared hundreds of Appeals Council briefs. *Bowman,* 2014 WL 5472453, at *2.

Furthermore, Avard has been representing Plaintiff at least since August 1, 2011. Doc. 18-8 at 97. Prior to filing this case, on March 12, 2012, Avard appealed the Commissioner's decision to this Court. *Gavernick v. Comm'r of Soc. Sec.*, No. 2:12-cv-145-JES-SPC (M.D. Fla. Mar. 12, 2012). Senior United States District Judge John E. Steele presided over Plaintiff's prior appeal. *Id.* Judge Steele remanded the Commissioner's decision to the Commissioner and entered Judgment in favor of Plaintiff because the Commissioner filed an unopposed motion to remand. *Gavernick v. Comm'r of Soc. Sec.*, No. 2:12-cv-145-JES-SPC (M.D. Fla. June 13, 2012). Zakhvatayev also represented Plaintiff in the agency proceedings and submitted Plaintiff's brief to the Appeals Council on April 21, 2014. Doc. 23-1 at 8-13.

Despite the length and breadth of counsel's representation of Plaintiff and counsel's expertise in Social Security law, Avard alleges that she and Zakhvatayev together spent a total of 41.60 hours drafting a 34-page memorandum of law. Docs. 29; 36 at 17-18. Specifically, Zakhvatayev spent 15.20 hours reviewing the record

and drafting the statement of facts alone, even after he previously drafted and submitted the brief to the Appeals Council on April 21, 2014. Docs. 36 at 18; 23-1 at 8-13.

As the Commissioner points out, however, although the record is 2,000 pages long, the issues raised by Plaintiff were not novel or complex. Doc. 37 at 4. The Court agrees with the Commissioner's argument that Plaintiff raised issues typical of Social Security appeals. *Id.* Furthermore, one of the three issues raised on appeal was an expansion of the argument Zakhvatayev raised in his brief to the Appeals Council. Docs. 23-1 at 11-12; 29 at 26-33. Given the level of complexity of the issues presented on appeal, counsel's experience in Social Security law, and the length of counsel's representation of Plaintiff, the Court finds that 41.60 hours of attorney work on drafting the memorandum of law in this case are excessive. *Powell v. Colvin*, No. 8:12-cv-2078-T-33TBM, 2013 WL 4781083, at *2 (M.D. Fla. Sept. 6, 2013) (finding that 42.80 hours of attorney time were excessive because the case presented no novel issues of law and the plaintiff's counsel was an attorney experienced in social security litigation). Therefore, the Court will reduce the award by 14 hours, representing approximately a reduction of 35 percent of the time claimed to draft Plaintiff's memorandum. *See id.* at *3 (reducing the fee reward by 17 hours which represented "less than half of the time claimed to prepare [the p]laintiff's brief").

Based on the reasons noted above, the Court will award attorney's fees and costs in the amount of $6,667.50, representing 34.80 hours worked at a rate of $191.25

per hour and 0.20 hours of paralegal work at a rate of $60.00.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Petition for EAJA Fees pursuant to 28 U.S.C. 2312(d) (Doc. 36) is **GRANTED in part and DENIED in part**.

2. Attorney's fees in the total amount of $6,667.50 shall be awarded to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d).  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

2. The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $6,667.50 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th of May, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record